UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FREDERICK R. ROSS                           CIVIL ACTION NO. 15-cv-2148

VERSUS                                       JUDGE FOOTE

ROBERT RACHAL, ET AL                          MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Frederick R. Ross ("Plaintiff") is a self-represented prisoner housed at the David Wade Correctional Center. He alleges in his complaint that he is a paranoid schizophrenic who suffers from medical problems including chest pains caused by prescribed medication, the growing of female breasts, and back pain. Plaintiff was previously housed in other prisons and arrived at David Wade in February 2014. The court has ordered that the several defendants be served, and they recently appeared and requested an extension of time to answer. Before an answer was filed, Plaintiff filed a Motion for Temporary Restraining Order (Doc. 27) that is now before the court.

Plaintiff essentially seeks victory on the merits of his case by means of a preliminary motion. He complains of chest pain, back pain, and an infection of sores on his head. He alleges that he has filed sick calls for over two years, but has not received an adequate remedy and has not received an MRI examination of his spine. He asks for an immediate order from the court that the defendants arrange for an examination and a plan of treatment by a specialist and that the court order defendants to carry out that plan of treatment.

To obtain the preliminary relief he seeks, Plaintiff would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

Assessing the request for a TRO also requires consideration of the elements Plaintiff must prove to prevail on the merits. For a convicted prisoner to prevail on a claim that his medical care (or lack of care) violated the Constitution, he must prove that prison officials were "deliberately indifferent" to his "serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 97 S.Ct. at 291-92.

Plaintiff has not made an adequate showing to obtain the extraordinary remedy of a TRO or preliminary injunction. He obviously disagrees with medical officials at the prison about his medical care, but he is receiving some forms of examination and care. It may not be the precise medication, test, or treatment that Plaintiff desires, but a prisoner's disagreement with the diagnostic measures or methods of treatment afforded by prison officials generally does not state a constitutional claim for indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Frankly, it is rare that a prisoner prevails on a medical care claim, considering the demanding constitutional standard of deliberate indifference to a serious medical need. Plaintiff has alleged adequate facts to merit

an answer from the defendants, but he has not proved a substantial likelihood of success on the merits as required for a TRO.

Plaintiff obviously desires a quick resolution of his claim, but the defendants are entitled to appear and be heard on the issue before the court issues a judgment. The defendants will be filing answers soon, and the court will then issue an order that allows a reasonable period for discovery, followed by a prompt deadline to file dispositive motions. Once any dispositive motions have been resolved, the court will issue further instructions regarding a trial if necessary. Those events will happen more quickly if Plaintiff does not congest the proceedings with motions for a TRO, as he has now filed twice in this case.

Accordingly,

**IT IS RECOMMENDED** that the **Motion for Temporary Restraining Order (Doc. 27)** be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of June, 2016.

Mark L. Hornsby
U.S. Magistrate Judge